# Gardina *v.* Board of Registrars of Jefferson County.

## *Mandamus.*

(Decided Feb. 2, 1909.    48 South. 788.)

1. *Elections; Suffrage; Nature of Right.*—Sovereignty practically resides only in those who exercise the right of suffrage, although theoretically it resides in all people.

2. *Elections; Right of Suffrage; Power to Regulate.*—Except as restricted by the fifteenth amendment of the Federal Constitution, and the provisions as to Congressional Electors, the power to determine who are entitled to exercise the right of suffrage is in the several states.

3. *Same; Validity of Regulation.*—Regulations of the right of suffrage must be reasonable, uniform and impartial, and should not abridge the constitutional right of the citizen or unnecessarily prevent its exercise.

4. *Same; Franchise; Nature of Right.*—The exercise of the right of elective franchise is a privilege rather than a right.

5. *Same; Registration; Validity.*—Since an elector has a remedy to compel performance of the duty of registering by the proper officer the fact that the registering officer may by failure to perform his duty, disfranchise electors does not affect the validity of the state laws requiring citizens to conform to registration laws in order to vote.

6. *Same; Regulation; Manner of Holding.*—It is within the power of the legislature to prescribe the time and place for holding an election, and require notice thereof.

7. *Same; Qualifications of Voters; Citizenship; Filing Declaration of Intention to Beocme.*—Construing together section 2, Constitution 1875, and section 177, 290, 291 and 312 of Constitution 1901, it is held that foreigners who have merely filed a declaration of intention to become a citizen of the United States, have not, since the ratification of the Constitution of 1901, perfected their naturalization so as to be entitled to register and vote, nor are they citizens of this state within the fourteenth amendment of the Constitution of the United States, so as to entitled them to register and vote.

8. *Aliens; Naturalization; Power.*—Congress has the exclusive power to provide for naturalization, and it is, therefore, a national right and privilege rather than a state right and privilege.

9. *Citizenship; Class.*—There are two classes of citizenship under our form of government, citizens of the state and of the United States, and one may be a citizen of the latter and not be a citizen of the former.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Proceedings by Frank Gardina by madamus to compel the board of registrars of Jefferson county to register him so as to be qualified to vote, upon his filing a declaration of his intention to become a citizen. From a judgment denying the writ, petitioner appeals. Affirmed.

WILLIAM CONNIFF, for appellant.—There is but one question for decision, namely, has an alien, under the present Constitution, the right to registration on his declaration of intention to become a citizen of the state and the United States. To put it another way, did the Constitution of 1901 change the right he had previous to that time, or was it changed by the Act of 1903. We insist that it was not.—Sec. 291, Code 1907; *Scott v. Strobach,* 49 Ala. 477; *People v. Scott,* 56 Mich. 154; *Abrigo v. The State,* 15 S. W. 408; *State v. Murray,* 28 Wis. 96; *State v. Trumpf,* 5 N. W. 876.

ALEXANDER M. GARBER, Attorney General, and THOS. W. MARTIN, Assistant Attorney General, for the State. —The petitioner is not entitled to be registered as he was not a qualified voter.—General Election law, 1903; sec. 2165, Fed. Statutes, Const. 1901.

MAYFIELD, J.—We agree with counsel for appellant that there is but one question to be decided on this appeal, namely, can a man of foreign birth be registered as an elector of this state, on his mere declaration of

intention to become a citizen of the state and the United States? The law regulating this subject is as follows:

Const. Ala. 1901, § 177:

"Every male citizen of this state who is a citizen of the United States, and every male resident of foreign birth, who, before the ratification of this Constitution, shall have legally declared his intention to become a citizen of the United States, twenty-one years old or upwards, not laboring under any of the disabilities named in this article, and possessing the qualifications required by it, shall be an elector, and shall be entitled to vote at any election by the people: Provided, that all foreigners who have legally declared their intention to become citizens of the United States, shall, if they fail to become citizens thereof at the time they are entitled to become such, cease to have the right to vote until they become such citizens."

Const. Ala. 1875, § 2, art. 1:

"That all persons resident in this state, born in the United States, or naturalized, or who shall have legally declared their intention to become citizens of the state of Alabama, possessing equal civil and political rights."

Code Ala. 1907, §§ 290, 291:

"290. Qualification of Elector to Vote.—Every male citizen of this state who is a citizen of the United States, and every male resident of foreign birth, who, before the ratification of the present Constitution of the state, shall have legally declared his intention to become a citizen of the United Stats, twenty-one years old or upwards, not laboring under any of the disabilities named in section 293 (1557) of this Code, and who shall have resided in this state at least two years, in the county one year, and in the precinct or ward three months, immediately preceding the election at which he offers to vote, and who shall have been duly registered as an elector, and shall

have paid, on or before the first day of February next preceding the date of the election at which he offers to vote, all poll taxes due from him for the year 1901, and for each subsequent year, shall be an elector, and shall bie entitled to vote at any election by the people.

"291.    Foreigners, Right to Vote.—All foreigners, who shall have legally declared their intention to become citizens of the United States shall, if they fail to become citizens thereof at the time they are entitled to become such, cease to have the right to vote until they become such citizens."

Code of Alabama, 1907, § 312:

"Persons Qualified to Register.—The following persons, and no others, who, if their place of residence shall remain unchanged, will have, at the date of the next general election the qualifications as to residence prescribed by section 290 (1556) of this Code, shall be qualified to register as electors, provided they shall not be disqualified under section 293 (1557) of this Code," etc.

Elections are the machines through which the voice of the people acting in their sovereign capacity is transferred into law.    These elections must be exercised at the time, place, and in the manner prescribed by the Constitution and statutes which the people, through their agents, have constituted.    By means of elections the people choose these officers, and choose those who shall exercise the legislative, executive, and judicial functions of the government.    The Constitutions of the various states contains provisions that certain specific propositions, such as amendments of Constitutions, removal of county seats, election of officers, etc., shall be determined by the vote of the electors, either by a majority or sometimes by two-thirds majority of the electors.    While the sovereignty is in the people, theoretically speaking, practically considered it resides in those

persons only who are permitted to exercise the right of elective franchise.   Cooley, Const. Lim. 752.

The power to determine who are qualified electors and who are entitled to exercise the elective franchise is left to the several states.   The federal Constitution does not prescribe the regulations as to this matter, except that the electors for Representatives in Congress shall have the qualifications requisite for electors of the most numerous branch of the state legislature, and also the fifteenth amendment, which forbids the state from denying any citizen the right to vote on account of race, color, or previous condition of servitude.   The exercise of elective franchise is a privilege, and not a right.   The state may grant or deny the right. Aliens are denied the right. The fifteenth amendment does not deny the state the right to forbid any person from voting, but only provides that he shall not be excluded on account of his race, color, or previous condition of servitude.   Minors and women may be and are usually excluded from the right to vote, and also those who have been convicted of infamous crimes, also idiots and lunatics, also non-residents of the state, county or municipality, etc., in which the election is to be held; but these are not the only qualifications that the states may require.   They may require any qualifications, or exclude any person or class of persons, unless the federal Constitution or the state Constitution forbids it.   The state may provide registration laws, and require that citizens conform thereto before they are entitled to vote.   It is no excuse to the validity of such law that the registering officer may neglect to perform every duty and thereby disfranchise the electors.   The remedy would be for the elector to compel the performance of the duty.   But regulations as to the elective franchise must be reasonable and uniform and impartial, and they should not deny or abridge the consti-

tutional right of the citizen, nor unnecessarily impede its exercise. Statutes may prescribe the time and place of elections, and they may also prescribe the notice to be given of the election.—Cooley Const. Lim. 757, 758.

It will be observed that the Constitution of 1901, and the election laws thereafter, wrought a complete change in the qualifications of electors and mode of registration as prerequisites to vote. It is also clear that only those foreigners who had declared their intention before the adoption of the Constitution of 1901 could register or vote thereafter, and they must have become citizens at the time they were entitled to become such, else they lost their right to vote or register until they did become citizens. The Code provisions on this subject were evidently intended to make these constitutional provisions perpetual, so as to apply to future cases.

The election laws, statute or Code, do not authorize these foreigners who have merely declared their intention to become citizens of the United States since the Constitution of 1901 was ratified, but who have not perfected their naturalization as required, to register or vote in this state, and it is doubtful if the Legislature could so authorize. It appearing that the appellant in this case had declared his intention of becoming a citizen since the ratification of the Constitution, and that he had not perfected his naturalization and was not a citizen at the time he applied for registration it follows that he cannot register until he perfects his naturalization, unless he is a "citizen of this state" within the meaning of the election laws of this state.

It will be observed that section 2, art. 1, of the Constitution of 1875, defined or prescribed who were citizens of this state, and that appellant would be a citizen under that section; but it also appears that that section was not embraced in, or adopted as a part of, the Con-

stitution of 1901, and there is no substitute for it in the new Constitution. We must, therefore, resort to other sources for a definition of "citizen of this state." The word "citizen" has come to us from the Roman law. In Roman law it designated a person who had the freedom of the city of Rome and could exercise the political and civil privileges of the Roman government.—2 Kent, Com. p. 76, note. It was both an honor and a sacred privilege to be a Roman citizen. Paul, the great Apostle of the Gentiles, claimed and asserted the right of a Roman citizen when apprehended in Jerusalem. The chief captain answered him: "With a great sum obtained I this freedom, but Paul said, 'I was free born.' " Again this great Apostle is heard to say: "I am a man which am a Jew, of Tarsus, a city in Cilicia, a citizen of no mean city." Citizenship has always been regarded as the most sacred right or privilege that the sovereign can confer. Mr. Webster defines "citizen" as "a person, native or naturalized, who has the privilege of voting for public officers and who is qualified to fill public offices in the gift of the people; also either native-born or naturalized persons who are entitled to full participation in the exercise and enjoyment of so-called private rights." Bouvier says a citizen, in American law, is one who, under the Constitution and law of the United States, has a right to vote for Representatives in Congress and other public officers and who is qualified to fill offices in the gift of the people; that all persons, born or naturalized, in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside.

The Supreme Court of Nebraska has held that "citizen," as used in that Constitution, relative to the right to hold office, means a person who is an American citizen by birth or a person of foreign birth who has been natural-

[Gardina v. Board of Registrars of Jefferson County.]

ized.—*State v. Boyd*, 31 Neb. 682, 48 N. W. 739, 51 N. W. 602. The Constitution of the United States provides: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside." Const. Amend. 14. Congress of the United States has exclusive power to provide for naturalization, and is required to establish a uniform rule for all states, though it may provide for naturalization to be acquired by and through state courts.—Constitution U. S. art. 1, §8, sub. 4. Naturalization is therefore a national right and privilege, rather than a matter of state concern.— *Scott v. Strobach*, 49 Ala. 490.

There are, then, under our republican form of government, two classes of citizens, one of the United States and one of the state. One class of citizenship may exist in a person, without the other, as in the case of a resident of the District of Columbia; but both classes usually exist in the same person. The federal Constitution, by this amendment, has undertaken to say who shall be citizens both of the states and United States. Prior to this amendment, the states could probably have determined, respectively, who were citizens of each, though naturalization has been exclusively a national subject, rather than a state, since the federal Constitution was first adopted. Consequently we find no authority, state or national, for registering appellant as an elector of this state.

The judgment of the lower court is affirmed.

Affirmed.

Tyson, C. J., and Simpson and Denson, JJ., concur.